UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NING YE,** <br><br>             **Plaintiff,** <br><br>     v. <br><br> **HONG BAO ZHANG, et al.,** <br><br>             **Defendants.** | Civil Action 05-00832 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, Ning Ye brings this action against defendants Hong Bao Zhang,[1] Yung-Jun Zhou, Yuhua Wang, International Zhong Gong Headquarters, Inc. ("Zhong Gong"), Tian Hua Immigration Firm, China101.com, and the World Chinese Federation, alleging the common law torts of defamation, intentional or negligent infliction of emotional distress, malicious interference with plaintiff's business, fraud, invasion of privacy, and civil conspiracy. He also brings suit for alleged Racketeer Influenced and Corrupt Organization ("RICO") Act violations. Before the court is defendant Zhang's motion to dismiss for lack of personal jurisdiction. Upon consideration of the motion, the opposition thereto, and record of this case, the court concludes that the motion must be denied.

**I.  FACTUAL BACKGROUND**

Ye, a lawyer practicing in the District of Columbia, first met Zhang in April 2001 when he assisted Zhang in obtaining asylum status in the United States. After coming to the United

---

[1] Defendant Zhang's name is spelled as "Honghao Zhang" in Ye's complaint. Zhang's declaration, which is attached to his motion to dismiss, states that his name was spelled incorrectly in that pleading and that it is correctly spelled "Hong Bao Zhang." Def.'s Mot., Ex. 1 ("Zhang Decl."), ¶ 1.

States from China, Zhang lived in Washington, D.C. from April 2001 until June 2002. He has since moved to California and has assertedly never returned to the District. Def.'s Mot., Ex. 1 ("Zhang Decl."), ¶ 1. Zhang is the spiritual leader of Zhong Gong, which, according to Ye, is a "mysterious, feudalistic cult organization." Compl. ¶ 7. Zhang characterizes Zhong Gong differently. He describes Zhong Gong as being a spiritual movement that "practice[s] the tradition of life-long stability and peace of mind techniques." Zhang Decl. ¶ 1. Zhang states that the Chinese government "sought to repress the Zhong Gong movement," which is why he escaped to the United States. *Id.*

Ye alleges that, beginning in September 2003 and continuing to the present, Zhong Gong—under the direction of Zhang and with the help of the other defendants—published defamatory articles on various web sites suggesting that Ye was a spy for the Chinese government and that he had conspired to have Zhang arrested and deported. Ye also alleges that Zhang slandered Ye to several members of Zhang's organization and to Ye's wife via telephone. Ye claims that these acts have resulted in injury to Ye, including loss of business, damage to his reputation, and emotional trauma. He seeks both monetary and injunctive relief.

Defendants removed Ye's complaint to federal court on April 26, 2005. Zhang filed the present motion soon thereafter.

## II.  ANALYSIS

**A.      Rule 12(b)(2) Standard**

When faced with a jurisdictional challenge made pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of making a *prima facie* showing that the court has personal jurisdiction over the defendant. *Naegele v. Albers,* 355 F. Supp. 2d 129, 136

(D.D.C. 2005) (citing *Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001)); *Lott v. Burning Tree Club, Inc.,* 516 F. Supp. 913, 918 (D.D.C. 1980). To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather, he may rest his arguments on the pleadings, "bolstered by such affidavits and other written materials as [he] can otherwise obtain." *Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2004); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, the court may inquire, by affidavits or otherwise, into the facts as they exist.") (internal citation omitted).  In determining whether personal jurisdiction exists, the court should resolve factual disputes in the plaintiff's favor, *Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004), although it need not accept a plaintiff's "conclusory statements" and "bare allegation[s]." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000).

**B.     Personal Jurisdiction**

Absent some special provision, the jurisdictional reach of a federal court is the same as that of a state or local court of general jurisdiction in the forum where the federal court sits. *See* FED. R. CIV. P. 4(k)(1)(A); *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987).  Therefore, the jurisdictional reach of the court in this case is determined by the District of Columbia's long-arm statute, subject to a further demonstration that the court's exercise of jurisdiction would be consistent with constitutional due process requirements. *See* U.S. CONST. amends. V & XIV; *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Crane*, 814 F.2d at 762.

*1. District of Columbia Long-Arm Statute*

Ye seeks to avail himself of jurisdiction under the District's long-arm statute, which provides, in relevant part, that:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . .
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he [i] regularly does or solicits business, [ii] engages in any other persistent course of conduct or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. CODE ANN. § 13-423(a)(4). Therefore, to meet his burden under section (a)(4) of the long-arm statute, Ye must make a *prima facie* showing that: (1) he suffered tortious injury in the District of Columbia; (2) the injury was caused by Zhang's act or omission outside of the District of Columbia; and (3) Zhang had one of the three enumerated contacts with the District of Columbia. *GTE New Media Servs.*, 199 F.3d at 1347. These enumerated contacts, often referred to as "plus factors," need not be related to the tortious act in question; rather, they serve as a "reasonable connection" between the defendant and the forum "to filter out cases in which the in-forum impact is an isolated event and the defendant otherwise has no, or scant, affiliations with the forum." *Carr*, 814 F.2d at 763.

The allegations in Ye's complaint and the affidavits submitted to support jurisdiction are sufficient to make a *prima facie* showing that the requirements of the long-arm statute are met.[2]

---

[2] Zhang makes a preliminary argument that personal jurisdiction is lacking because Ye failed to show that Zhang "committed one of the torts described in the seven counts" of Ye's complaint. This argument confuses the merits of Ye's claims with the question of jurisdiction. *Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 4 (D.D.C. 2000) ("A motion to dismiss for lack of personal jurisdiction tests not whether the plaintiff will prevail on the merits but instead whether or not the court may properly exercise jurisdiction over the movants.") (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As noted above, a plaintiff may meet his burden of

First, because it is undisputed that Ye lives and works in the District of Columbia, it is clear that his complaint—which alleges, *inter alia*, that he was defamed, that he suffered emotional distress, that his business was maliciously interfered with, and that his privacy was invaded by being placed in a "false light"—sufficiently alleges that he suffered an injury in the District. *Carr*, 814 F.2d at 760 ("[T]he claims in suit, libel and 'false light,' are the kind in which the injury, foreseeably, is felt with greatest force in the place where the plaintiff lives.") (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984)).

Second, the pleadings and affidavits also allege facts that establish that the tortious activity in question took place outside of the District. *See, e.g.*, Am. Compl. ¶ 21 ("Before, during and after September 11, 2003, Defendant Zhang Hongbao, either through telephone calls, or using public conference secretly held in his self-esteemed 'Presidential Palace' [in California], persistently slandered Plaintiff, to numerous friends and relatives of the Plaintiff"); *id.* ¶ 29 ("Defendant Zhang further slandered the Plaintiff, in front of all attendants gathering in his 'Presidential Palace'"); Pl.'s Opp'n, Ex. 7, at 1 (Affidavit of Zaiqin Zheng) (during a meeting in Los Angeles, "Zhang charged" that Ye, along with three others, were part of a Chinese "espionage mission" to "entrap[] [Zhang] into troubles of criminal cases.").

Finally, Ye has satisfied the requirements of at least one of the "plus factors" listed in D.C. Code § 13-423(a)(4)—that Zhang engaged in a "persistent course of conduct" within the District. As stated above, the "persistent course of conduct" required under (a)(4) need not be

---

establishing jurisdiction by relying on the allegations in his pleadings combined with whatever facts may be presented by affidavit. Moreover, all factual disputes must be resolved in favor of the plaintiff. Given this framework, the court rejects Zhang's argument that jurisdiction is improper because of a dispute as to the merits of Ye's claims.

related to the act that caused Ye's injury.  Rather, all that is required is some "reasonable connection" between Zhang and the District.  *Carr*, 814 F.2d at 763–64; *Steinberg v. Int'l Criminal Police Org.*, 672 F.2d 927, 931 (D.C. Cir. 1981).  Most tellingly, Zhang concedes that he lived in the District for over a year, from April 2001 until June 2002.  Zhang Decl. ¶ 1.  During such time, he registered himself as the president of Zhong Gong, noting that his address was in the District.  Pl.'s Opp'n, Ex. 1.  Additionally, Ye presents two "Communiques" issued by the "China Shadow Government" on August 8, 2003 and December 12, 2003.  These Communiques indicate that the "China Shadow Government" was founded by Zhang and is located at the same D.C. address that Zhang used when registering Zhong Gong.  *Id.*, Ex. 2.  These interactions are sufficient to meet the requirements of section (a)(4) and to demonstrate that Zhang's in-forum impact is not "an isolated event."  *Carr*, 814 F.2d at 763.

    *2. Due Process*

Beyond showing that the terms of the long-arm statute are satisfied, Ye must also make a *prima facie* showing that the exercise of personal jurisdiction in this case does not exceed the permissible bounds of the Due Process Clause.  Due Process is satisfied where a plaintiff shows "minimum contacts" between the defendant and the forum, ensuring that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe*, 326 U.S. at 316.  Under this standard, "the defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

As noted above, the complaint and the affidavits submitted by Ye mention numerous contacts between Zhang and the District of Columbia, including his former residence in the

District and his interactions with Zhong Gong and the "China Shadow Government," both of which have addresses in the District. Moreover, Ye alleges that Zhang conspired and acted in concert with the other defendants to commit torts against Ye and that these actions were purposefully directed at Ye, who was known to be in the District. *See Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("[S]o long as an actor's efforts are 'purposefully directed' toward residents of another forum," the Constitution's due process requirements are satisfied) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). As such, exercise of personal jurisdiction over Zhang does not offend "traditional notions of fair play and substantial justice."

Because Ye makes a *prima facie* showing that the elements of D.C.'s long-arm statute and the requirements of due process are met, the court finds that it has personal jurisdiction over Zhang.

### III.  CONCLUSION

Accordingly, it is this 31st day of March, 2006, hereby

**ORDERED** that defendant Zhang's motion to dismiss for lack of personal jurisdiction [#7] is **DENIED**.

> Henry H. Kennedy, Jr.
> United States District Judge